# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2024

Lyle W. Cayce
Clerk

No. 23-50608

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS MIGUEL MEDINA-FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-1835-2

Before SOUTHWICK, HAYNES, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Jesus Miguel Medina-Flores was convicted of conspiracy to transport undocumented aliens and transporting undocumented aliens.  On appeal, Medina-Flores challenges the denial of his motion to suppress evidence obtained following his detention by United States Border Patrol agents.  He argues that his encounter with the agents was nonconsensual and that he was

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

seized when the agents parked their vehicle and began questioning him. Medina-Flores argues that the agents lacked reasonable suspicion for the seizure.

When considering the denial of a motion to suppress, "we review factual findings for clear error and legal conclusions *de novo*." *United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022). We consider "seizure determinations as we do findings of fact." *United States v. Mask*, 330 F.3d 330, 335 (5th Cir. 2003). On the other hand, "[w]hether officers had reasonable suspicion to support an investigative stop is a question of law." *Alvarez*, 40 F.4th at 344. We generally defer to factfinders who hear live testimony and uphold the district court's ruling if any reasonable view of the evidence supports it. *See United States v. Wright*, 57 F.4th 524, 530 (5th Cir. 2023).

The district court did not clearly err in finding that Medina-Flores's encounter with the agents leading up to his admission of illegal presence was consensual and not a seizure. The agents remained in their vehicle during Medina-Flores's brief conversation with the agent who was driving; none of the agents brandished their weapons or touched Medina-Flores during this conversation; and neither the agents nor their vehicle restrained Medina-Flores's movement. *See United States v. Drayton*, 536 U.S. 194, 203–05 (2002); *see also Mask*, 330 F.3d at 337 (listing non-exclusive factors for determining whether a seizure occurred). Further, there is no indication that the agent who spoke to Medina-Flores used language or a tone of voice that was intimidating and demanded compliance. *See Mask*, 330 F.3d at 337. "Because the [agents'] conduct did not implicate the Fourth Amendment, it need not have been justified by reasonable suspicion." *United States v. Valdiosera-Godinez*, 932 F.2d 1093, 1099 (5th Cir. 1991). The district court did not err in denying Medina-Flores's motion to suppress.

AFFIRMED.